UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Richard E., <br>       Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br>       Defendant. | No. 1:22-cv-00019-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

     Richard E., now 37 years old, filed for Social Security Disability Insurance Benefits ("DIB") because of a combination of mental health conditions. According to the Complaint he filed in this Court, he suffers from "severe impairment of substance addiction disorder, anxiety disorder, personality disorder, depressive disorder, and posttraumatic stress disorder" ("PTSD"). (ECF No. 1, at 2.) Richard claimed a disability onset of January 1, 2019 and described at the hearing his struggle with anxiety and panic attacks. He believed his anxiety, depression, and PTSD precluded his continuing to work because "mainly, it affects my focus, my memory and my concentration." Richard has a history of addiction and was hospitalized for detoxication from Percocet for three days in March 2020. Not long after, he was seen at Kent County Hospital Emergency Department for withdrawal symptoms and was then admitted to Butler Hospital for four days as a result of  Substance Induced

1

Psychosis. (ECF No. 10, at 6.) He is now sober and on medication management. (ECF No. 6, at 42-43.) [1]

Armed with a G.E.D., Richard worked as a laborer "changing lightbulbs and changing fire alarms." (ECF No. 6, at 37.) For less than a year, he performed some maintenance work for Advanced Digital Wireless; he had started in sales, but that lasted less than six months because he was unsuccessful. *Id.* He had spent some time mowing lawns and cleaning up garbage. *Id.* at 39. Richard testified that his anxiety and panic attacks kept him from driving, although he has a driver's license and knows how to drive. (ECF No. 6, at 36.) His disabling emotional state is only slightly less if he is a passenger. *Id.* at 37. He testified that the same problems interfere with household tasks, but he likes to color and draw. *Id.* at 41-42. He explained to the ALJ, however, that after about 15 minutes of even those activities, his brain becomes "so scattered, [he] lose[s his] thoughts, [he] can't concentrate that long." *Id.* at 45. Most days of the week, he ends up in bed, having suffered panic attacks that start with his body "shaking uncontrollably." "I get struck with fear. And almost immobilized," he testified. "I can't think straight." These attacks end with exhaustion that leaves him sometimes unable to shower or change clothes for weeks at a time. *Id.* at 47.

Taking Richard's testimony as true, the state's vocational expert opined he could work at jobs such as hand-packing, or janitorial, or dishwasher. *Id.* at 50. He could not engage in competitive employment, but the jobs outlined could tolerate up to 15% off-task time and one absence per month. *Id.* at 51.

Richard filed for benefits on January 30, 2020. His claim was administratively denied on June 1, 2020, and upon reconsideration on July 24, 2020. On April 13, 2021, an administrative law judge ("ALJ") then denied his claim after a telephone hearing.

Going through the five-step standard protocol for evaluating claims, the ALJ found that Richard's substance addiction, anxiety, personality, depressive, and posttraumatic stress disorders were severe impairments. *Id.* at 17. He found the impairments severe enough to meet the criteria of section 12.08 of 20 CFR Part 404, Subpart P., Appendix 1 (20 CFR 416.920(d), 416.925). *Id.* at 18. At one point, he seemed to find Richard's testimony credible, writing "the claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are generally consistent with the evidence when the substance use is included." *Id.* at 19. Yet a few pages later, he concluded that "the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms [] are inconsistent because the longitudinal evidence of record does not support them." *Id.* at 23. He noted that when Richard presented to Butler Hospital, he was "appropriately dressed and groomed, and made good eye contact." He also found, however, that notwithstanding his appearance, Richard "displayed psychomotor agitation and bizarre behavior" and "was unable to provide a coherent history." *Id.* at 19. Assessing the medical evidence, the ALJ credited the agency medical opinions over that of Richard's treating physician, finding the latter's "neither valuable nor persuasive,"

3

because the treating physician had phrased his opinions in "administrative issues" (such as being unable to work, or being disabled) instead of in medical terms. *Id.*

In the end, the ALJ concluded, if substance abuse were out of the picture, Richard would have only moderate impairment and could perform work that required "limited [] attention and concentration to understand, remember and carry out simple tasks and instructions." If he had a job requiring only "occasional interaction with coworkers and supervisors," he could "tolerate simple routine changes in a work setting." *Id.* at 22. Concluding that Richard was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," that ALJ found him "not disabled" and denied his claim. *Id.* at 26.

On August 19, 2022, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R & R") (ECF No. 13) recommending that this Court grant the Motion of the Acting Commissioner of Social Security ("Commissioner") to affirm the ALJ denial (ECF No. 12) and deny the Motion of the plaintiff to reverse that denial (ECF No. 10). The Magistrate Judge concluded that substantial evidence supported the Commissioner's decision and finding of no disability. *Id.* at 1.

The issue of Richard's substance abuse is at the heart of this case. As the Magistrate Judge explained, the Social Security Act was amended in 1996 "to deny disability benefits if alcohol or drug abuse comprises a contributing factor material to the determination of disability." *Id.* at 11, citing 42 U.S.C. 423(d)(2)(C). The harshness of that amendment was muted somewhat by a 2013 policy interpretation that distinguished between a "substance use disorder" and a "mere history of

4

occasional prior maladaptive use of alcohol or illegal drugs." *Id.* at 12.  The state consultants here noted the episodes of intense mental disability corresponding with Richard's abuse and withdrawal from substances to determine that his drug use was "material to the disability determination."  *Id.* at 14.  Without drug use, his impairments were only moderate.  *Id.*  Richard's behavior once he was released from Butler Hospital confirmed that conclusion, *Id.* at 16-17, and the Magistrate Judge found the ALJ's resulting decision to be based on substantial evidence requiring affirmance.  *Id.* at 17.

The essence of Richard's Objection to the R&R is his disagreement that the evidence supports a sufficient improvement in Richard's condition without substance abuse as to support a finding of only moderate impairment.

The Court's review is *de novo* with respect to any part of the R & R to which the plaintiff has timely objected.  Fed. R. Civ. P. 72(b)(3).  In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…." 42 U.S.C. § 405(g).  Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The Court, consistent with its obligation to review the record independently, has reviewed the record, the R & R, and the parties' position papers.  In so doing, it finds that the Magistrate Judge rendered a well-reasoned and thorough evaluation of the legal claims and there was an insufficient basis to reject the ALJ decision.

The Court therefore adopts both the reasoning and the conclusions of the Magistrate Judge's R & R and, in so doing, GRANTS the Commissioner's Motion to Affirm (ECF No. 15) and DENIES the claimant's Motion to Reverse (ECF No. 13.)

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge


Date:  February 7, 2023